IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TERRAL, | No. CIV S-08-0333-LEW-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY SHERIFF"S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on February 12, 2008.

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2).[1] Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] This provision is not part of the Prison Litigation Reform Act, which is inapplicable to civil detainees. See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).

1

from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: the Solano County Sheriff's Department, the Solano County Jail, Sands, Cullison, Bradford, and Marsh. Plaintiff states that he was arrested on September 24, 2007, for "allegedly being in violation of CONREP outpatient program, pursuant to Penal Code section 1610 of the California codes."[2] He states that he was booked in the Solano County Jail on his original offense charge of possession of a controlled substance even though he is "a not guilty insanity acquitee." It appears that plaintiff claims that, as a result, he was improperly housed in administrative segregation as a criminal detainee. He states that the jail knowingly detains civil detainees under their original criminal charges "to avoid providing such class their rights under the California Code of Regulations. . ." which, according to plaintiff, requires the jail to provide mental health care to civil detainees housed

---

[2] California Penal Code § 1610 governs confinement of mentally disordered and developmentally disabled offenders pending decision on request for revocation  "CONREP" refers to the Forensic Conditional Release Program. See Ley v. State, 114 Cal.App.4th 1297 (2nd Dist. 2004).

more than 72 hours.

He states that he brought this discrepancy to the attention of jail officials to no avail.  Specifically, plaintiff alleges that, on January 17, 2008, defendant Sands, who reviewed plaintiff's grievance, "did deny plaintiff relief of being classified as a civil commitment, and denied his civil rights. . . ."  Defendant Cullison is alleged to have denied a "2nd level" appeal of his grievance.  Plaintiff also asserts that "[t]he Solano County Jail refuses to acknowledge the true rights."

## II.  DISCUSSION

It appears that the constitutional bases of plaintiff's complaint are:  (1) violation of the Eighth Amendment based on failure to provide mental health treatment; and/or (2) violation of due process.  Plaintiff's complaint, however, is not clear as to the nature of his claims.  Further, while plaintiff alleges specific facts with respect to the Solano County Jail and Sands, he does not do so as to any other named defendants.  The court will grant plaintiff an opportunity to amend the complaint.  In filing a first amended complaint, plaintiff should keep the principles outlined below in mind.

<u>Medical Care Claims</u>

Plaintiff mentions in the complaint that he was denied mental health treatment. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  <u>Toussaint v. McCarthy</u>,

1  801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only
2  when two requirements are met: (1) objectively, the official's act or omission must be so serious
3  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
4  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
5  inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison
6  official must have a "sufficiently culpable mind." See id.

7  Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
8  injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at
9  105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental
10 health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is
11 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
12 injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d
13 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
14 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
15 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
16 activities; and (3) whether the condition is chronic and accompanied by substantial pain. See
17 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

18 The requirement of deliberate indifference is less stringent in medical needs cases
19 than in other Eighth Amendment contexts because the responsibility to provide inmates with
20 medical care does not generally conflict with competing penological concerns. See McGuckin,
21 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
22 decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
23 1989). The complete denial of medical attention may constitute deliberate indifference. See
24 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
25 treatment, or interference with medical treatment, may also constitute deliberate indifference.
26 See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also

demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### Due Process Claims

Plaintiff also appears to assert that he was housed as a criminal detainee when he should have been housed as a civil detainee and that this was done for no proper reason and in violation of state law.  Such an assertion implicates due process concerns.  The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

Liberty interests can arise both from the Constitution and from state law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 483-84.  Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza,

334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Municipal Liability

Plaintiff names municipal entities as defendants. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Causal Link

As to every named defendants, including municipal entities, plaintiff must allege with specificity facts which demonstrate how the defendants' conduct contributed to or caused the alleged constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within

the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE