IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD J. TERRAL,                           No. CIV S-08-0333-JAM-CMK-P

        Plaintiff,

    vs.                                          ORDER

SOLANO COUNTY,

        Defendant.

_____/

        Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 13), filed on April 21, 2008.

        The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).[1]  Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] This provision is not part of the Prison Litigation Reform Act, which is inapplicable to civil detainees.  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).

1

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(A), (B).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the first amended complaint, plaintiff names Solano County, California, as the only defendant.[2]  Plaintiff claims that he was improperly booked into the Solano County Jail under his original criminal offense charge and that he should have been housed as a civil detainee under California Penal Code § 1610.[3]  Plaintiff claims that this resulted in denial of access to medical treatment.

/ / /

/ / /

---

[2] In the original complaint, plaintiff named:  the Solano County Sheriff's Department, the Solano County Jail, Sands, Cullison, Bradford, and Marsh.  Because none of these defendants is named in amended complaint, which supercedes the original complaint, the Clerk of the Court will be directed to terminate them from the docket and to update the docket to reflect that Solano County is the only named defendant to this action.

[3] California Penal Code § 1610 governs confinement of mentally disordered and developmentally disabled offenders pending decision on request for revocation   "CONREP" refers to the Forensic Conditional Release Program.  See Ley v. State, 114 Cal.App.4th 1297 (2nd Dist. 2004).

While the original complaint has been superceded by the amended complaint, plaintiff's allegations in the original complaint are more detailed and shed light on his claim. In an April 7, 2008, order, the court summarized plaintiff's original allegations as follows:

> . . . Plaintiff states that he was arrested on September 24, 2007, for "allegedly being in violation of CONREP outpatient program, pursuant to Penal Code section 1610 of the California codes." He states that he was booked in the Solano County Jail on his original offense charge of possession of a controlled substance even though he is "a not guilty insanity acquitee." It appears that plaintiff claims that, as a result, he was improperly housed in administrative segregation as a criminal detainee. He states that the jail knowingly detains civil detainees under their original criminal charges "to avoid providing such class their rights under the California Code of Regulations. . ." which, according to plaintiff, requires the jail to provide mental health care to civil detainees housed more than 72 hours.

## II. DISCUSSION

Regarding the original complaint, the court stated:

> It appears that the constitutional bases of plaintiff's complaint are: (1) violation of the Eighth Amendment based on failure to provide mental health treatment; and/or (2) violation of due process. Plaintiff's complaint, however, is not clear as to the nature of his claims. Further, while plaintiff alleges specific facts with respect to the Solano County Jail and Sands, he does not do so as to any other named defendants. The court will grant plaintiff an opportunity to amend the complaint.

The court then outlined various legal principles, including the requirements for asserting denial of medical treatment and municipal liability. In the amended complaint, plaintiff names Solano County as the only defendant. Therefore, he must be attempting to assert a municipal liability claim. It is also now clear that the constitutional basis of plaintiff's claim is denial of medical treatment as a result of the allegedly erroneous booking procedure.

As the court previously informed plaintiff, municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are

also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In the amended complaint, plaintiff does not set forth any allegations of a policy or custom of defendant Solano County to deny medical treatment by improperly booking inmates in the county jail.  Plaintiff will be provided one final opportunity to amend the complaint in order to adequately allege municipal liability.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

be complete in itself without reference to any prior pleading.  See id.

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Finally, plaintiff is cautioned that this action now proceeds against Solano County as the only defendant.  Plaintiff originally named various individuals as defendants but chose not to continue the action against them by deleting them from the amended complaint.  Therefore, plaintiff will not be permitted to add any other defendants at this time.  Plaintiff's second amended complaint should contain allegations as against defendant Solano County only.  Further, because plaintiff has now had two chances to successfully plead a claim based on municipal liability, if plaintiff's second amended complaint fails to adequately allege a claim against defendant Solano County, the court will recommend dismissal of the action with no further leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint, consistent with the scope outlined above, within 30 days of the date of service of this order.

DATED: August 4, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE